**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Claim No: 1999A21865 |
| | § | |
| vs. | § | |
| | § | |
| Ricky Crawford | | |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

## Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

## Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 8185 Littlefield Street, Detroit, Michigan 48228.

## The Debt

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,696.53 |
| B. Current Capitalized Interest Balance and Accrued Interest | $5,679.36 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$8,375.89** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Ricky Crawford
19988 Santa Rosa Dr
Detroit, MI 48221

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/02/99.

On or about 12/17/84, the borrower executed promissory note(s) to secure loan(s) of $2,500.00, from First Independent Trust, Santa Ana, CA at 8 percent interest per annum. This loan obligation was guaranteed by Californis Student Aid Commission and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 03/25/87, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,696.71 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 09/09/92, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $2,696.53 |
| Interest: | $2,812.09 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 04/02/99: | $5,508.62 |

Interest accrues on the principal shown here at the rate of $0.59 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: APR 16 1999

Name: _____
Title: LOAN ANALYST
Branch: LITIGATION BRANCH

B3-2/ED-LITGN/COIGSL.DOC

# PROMISSORY NOTE AND DISCLOSURE STATEMENT

CALIFORNIA STUDENT AID COMMISSION "Guarantor"
Guaranteed Student Loan Program

Borrower Name: RICKY CRAWFORD         010372  Social Security Number

| | |
|---|---|
| O.E. Lender Code Number: 829977 | 08710963 |
| Lending Institution Name & Address | |
| FIRST INDEPENDENT TRUST | |
| 1805 E. DYER RD., # 301 | |
| SANTA ANA, CA 92705000 | |

**ANNUAL PERCENTAGE RATE**
The cost of my credit as a yearly rate.
A. Prior to Repayment    5.79 %
B. During Repayment      8.00 %

**Amount Financed**
The Amount of credit provided to me.
$ 2,331.25

**Prepayment:** If I pay off early, I will not have to pay a penalty and I may be entitled to a refund of part of the Finance Charge.
**Late Charge:** If a payment is late, I may be charged $5.00 or 5% of the payment, whichever is less.
I must read the entire promissory note for any additional information about nonpayment, default, any required payment in full before the scheduled date and prepayment refunds and penalties.

| ITEMIZATION OF THE AMOUNT FINANCED | | Disbursement Schedule | Estimated Date of Disbursement | Loan Amount | PREPAID FINANCE CHARGE | | Amount Financed |
|---|---|---|---|---|---|---|---|
| | | | | | Guarantee Fee | Origination Fee | |
| Loan Amount | $ 2,500.00 | First/entire | 12/23/84 | $ 2500.00 | $ 43.75 | $ 125.00 | $ 2331. |
| Less: Prepaid Finance Charge, Includes: | $ 168.75 | Second | N/A | $ N/A | $ N/A | $ N/A | $ N |
| Guarantee Fee | $ 43.75 | Third | N/A | $ N/A | $ N/A | $ N/A | $ N |
| Origination Fee | $ 125.00 | | | | | | |

( 5.00 % of Loan Amount)
Equals: Amount Financed  $ 2,331.25    Date Produced: 12/14/84

### I. PROMISE TO PAY:
I promise to pay to you or to your order when this Note becomes due as set forth in Paragraph II, the "Loan Amount" as shown in "Itemization of the Amount Financed" to the extent it is advanced to me plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI.

### II. DATE NOTE BECOMES DUE:
This Note will become due on the earliest of the following dates:
1) **6** months after I stop carrying, at an eligible school approved by the Guarantor, at least one-half of the normal full-time academic workload required by such school, or
2) If I have not already enrolled on the basis (at least half-time) shown in my application for this loan, the last day set by the school named in my application for which I can begin to get academic credit for the period covered by this loan even though I may plan to enroll at a later date within the loan period.

### III. INTEREST:
I agree to pay an amount equivalent to simple interest on the unpaid balance at the rate of **8.00** % per annum from the date y advance the loan until the loan is paid in full. You will not collect fr me any interest which the United States Government will pay for r

I will pay you at the end of each **MONTH** (month, quarter) any interest due from me, or you may allow me to defer the payment of this interest until this Note becomes due. When this Note becomes due I may either pay the total interest due or such interest will be added to the principal balance due to be repaid, with interest, in installments. All payments will be made to your address given above or to any other address you notify me of.

### IV. GUARANTEE-ORIGINATION FEES:
I will pay you a guarantee fee in the amount shown in "Itemization of the Amount Financed" which you will forward to the California Student Aid Commission to pay for its guarantee of this Note. The guarantee fee is equal to 1% per annum on the amount of this loan from the disbursal date until **12** months after the graduation/completion date given on my application for this loan. No part of this guarantee fee will be repaid to me unless the total loan is repaid within 60 days after the disbursal date, in which case the total fee will be returned. I will pay you a loan origination fee authorized by federal law in the amount disclosed in the "Itemization of the Amount Financed" above. If any loan will be entitled such disburse- may both be

CRAWFORD,RICKY,
CLAIM NO 1992090100506  09-09-92

1

**I WILL NOT SIGN THIS NOTE BEFORE READING IT, IN WISE ADVISED. I WILL NOT SIGN THIS NOTE IF IT CONTAINS ANY BLANK SPACE. I AM ENTITLED TO AN EXACT COPY OF THIS NOTE AND ANY AGREEMENT I SIGN. BY SIGNING THIS NOTE I ACKNOWLEDGE THAT IT CONTAINS NO BLANK SPACE AND THAT I HAVE RECEIVED AN EXACT COPY HEREOF. I HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS NOTE WITHOUT PENALTY.**

*Ricky Crawford*
Borrower's Signature

*Sharon L. Walker*
Signature of Co-Signer (if any)

Date Signed: 12-17-84     Borrower Permanent Address: 2875 ½ Edgehill  L.A.C.A 90018
Date Signed: 12-17-84     Co-Signer's Permanent Address: 28?? Edgehill

RECEIVED DEC 20 1984
Ans'd

**NOTICE:** SEE OTHER SIDE OF THIS FORM FOR IMPORTANT INFORMATION ABOUT YOUR LOAN.
CGSLP 130 (Rev. 10/82)

I certify under penalty of
perjury that this is a true
and exact copy of the
original promissory note.

___T____/L____  4-14-99
Name            Date

### V. WHOLE LOAN DUE:

I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure my default) if

1) I fail to make payment to you; or
2) any payment has not reached you within 10 days after it is due; or
3) I fail to notify you of a change in my name, address, or school enrollment status within 10 days; or
4) I break any of my other promises under this agreement; or
5) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors; or
6) I make any false written statement in applying for this loan or for an extension or deferment of this loan. After sending such notice to me, you will have the right, without further notice to take the outstanding balance out of my checking and/or savings account I have with you if permitted by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default I will be required to pay interest on this loan as provided in Paragraph III from the date of default since the United States Government will stop paying such interest on my behalf.

### VI. COLLECTION COSTS:

1) I agree to pay you reasonable amounts permitted by law including the fees of an outside attorney and court costs, which are used in collecting any amount I owe under the Note which is past due.
2) If any payment has not reached you within 10 days after its due date, you may, if permitted by law, bill me for a late charge at the maximum rate permitted.

### VII. ADDITIONAL AGREEMENTS:

1) The proceeds of this loan will be used only for educational expenses at the school listed in the application.
2) I will send written notice to you or any subsequent holder within 10 days after any change in my name, address, or school enrollment status.
3) Any notice required to be given to me may be mailed by first class mail to the latest address you have for me. No notice is required for any Co-Signer.
4) Your failure to enforce or insist on compliance with any term of this Note is not a waiver of your rights. No provision of this Note may be waived or modified except in writing.
5) If the California Student Aid Commission is required under its guarantee to repay my loan(s) because I have defaulted, the California Student Aid Commission will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me.
6) I understand that I must repay this Note even though I may be under 18 years of age.
7) I understand my loan will be cancelled if I die or become totally and permanently disabled.
8) In this Note the words I, me and my mean each and all of those who signed it. If more than one person signs this Note, each person will be liable up to the full amount of the loan. You, your and yours mean the lender and any other owner of this Note.

### VIII. DEFERMENT:

You will let me pay interest only, if such interest is not paid by the United States Government, and defer making principal payments on this Note as provided below if my repayment period has begun, I am not in default and I can prove to you that I qualify for the deferment:

1) While I am enrolled
   a) in an eligible school approved by the California Student Aid Commission in the normal full-time academic workload, as determined by that school, unless I am not a citizen or national of the United States and am studying at a school not located in the United States; or
   b) in a graduate fellowship program approved by the Secretary of Education; or
   c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education; or
   d) as a full-time student at either an institution of higher education or vocational school which is operated by an agency of the Federal Government.

2) For a period not exceeding 3 years for each of the following while I am:
   a) On active duty in the Armed Forces of the United States or serving as an Officer in the Commissioned Corps of the United States Public Health Service; or
   b) Serving as a Peace Corps volunteer; or
   c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (e.g. VISTA); or
   d) Providing service as a full-time volunteer for an organization exempt from Federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954 which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.

3) For one or more periods not exceeding 3 years while I am
   a) Temporarily totally disabled, as established by affidavit of a qualified physician; or
   b) Unable to work because I must care for a spouse who is temporarily totally disabled as established by affidavit of a qualified physician.

4) For a period not exceeding 2 years while I am serving an internship that is needed to gain professional recognition required to begin professional practice or service.

5) For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

For loans in repayment and disbursed before October 1, 1981, a six-month post deferment grace period is provided following any period of authorized deferment, or combination thereof, before principal payments are required to resume. If my loan is disbursed on or after October 1, 1981, and if I have received an authorized deferment, I am not eligible for a six-month post deferment grace period for such loan(s).

### IX. REPAYMENT IN INSTALLMENTS:

I will pay the total amount due on this Note in installments, with interest at the rate indicated in "Annual Percentage Rate-During Repayment" on the unpaid balance from the due date of this Note until the loan is paid in full, unless:

1) The whole loan is due, as described in Paragraph V; or
2) This note has become due because of item 2 of Paragraph II. Not less than four months before the date of this Note I will sign for you a Repayment Schedule which shows the repayment terms. The Repayment Schedule will become part of this Note and any Co-Signer who signs the repayment schedule will also be obligated to pay this Note. The Repayment Schedule may include other loans I have received from you under the Guaranteed Student Loan Program and repayment of this Note. The Repayment Schedule will require me to make monthly payments for a period of not less than 5 years nor more than 10 years after this note becomes due, unless the repayment period is longer than 15 years from the date of my original payment, in situations for which I am granted any authorized deferment. My repayment period will end 10 years from the last day of my 5-year repayment period. At my option I may agree to a repayment period shorter than 5 years. However, I may at anytime later have the repayment period extended so that the total repayment period is not less than 5 years. If my loan(s) is/are disbursed prior to October 1, 1981, my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program (GSLP), the Guaranteed Parental Loan Program (GPLP) or the PLUS (CLAS) Program under Title IV, Part B of the Higher Education Act shall not be less than $360 per year, including payment by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $360) even though this may result in a repayment period shorter than 5 years. If my loan(s) is/are disbursed on or after October 1, 1981, my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program (GSLP), the Guaranteed Parental Loan Program (GPLP) or the PLUS (CLAS) Program under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years.

### X. TRANSFER OF LOAN TO NEW HOLDER:

Under the condition set forth in Federal regulations governing the Guaranteed Student Loan Program, this loan may be transferred to a holder other than the original lender. If such transfer takes place, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State and a new holder of the Promissory Note is not a holder in due course.

### XI. CREDIT BUREAU NOTIFICATION

If I default on this loan, the California Student Aid Commission, using the following procedure, may disclose information about the loan to credit bureau organizations after the Commission has attempted to collect the debt from me.

If the Commission knows my address, the Commission must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, or such longer period as the Commission may specify, the Commission will disclose information about the loan to credit bureau organizations.

If the Commission does not know my address, the Commission may disclose information about the loan to credit bureau organizations in order to learn my address.

The lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to any credit bureau.

### XII. GENERAL:

The lender must provide me with a copy of the Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal Regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal Regulations upon request.

I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.

I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.

I am not required to provide security for this loan.

**NOTICE: SEE OTHER SIDE OF THIS FORM FOR IMPORTANT INFORMATION ABOUT THIS LOAN.**

CGSLP 130 (Rev. 10/82)

I certify under penalty of perjury that this is a true and exact copy of the original promissory note.

_____  4-14-99
Name                     Date